**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

**IN RE:**                                                                                                  Case No. _____
**Callahan, Robin G**                                                                                       Chapter **13**_____
_____
Debtor(s)

# CHAPTER 13 PLAN

Debtor submits to the supervision and control of the Trustee all or such a portion of the debtor's future earnings or other future income as is necessary for the execution of this Plan. The debtor shall pay to the trustee $ **516.00** per **month** for a period not to exceed **36** months.

**CLASSIFICATION AND TREATMENT OF CLAIMS**

1. Class One - Claims entitled to priority under § 507, Title 11, United States Code. Unless other provision is made in paragraph II(3a), each creditor in Class One shall be paid in full prior to commencement of distributions to any other class (except payments to Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

    a. Allowed administrative expenses
        (1) Trustee's compensation not to exceed 10% of amounts paid by debtor under Plan ................ $ _____
        (2) Attorney's fees (estimated and subject to allowance) ........................................................ $ **0.00**
    b. Taxes ................................................................................................................................... $ **0.00**
    c. Other (if any) ....................................................................................................................... $ **0.00**

2. Class Two A - Mortgage arrears [ § 1322(b)(5)]. The trustee shall cure defaults (plus interest if applicable) on claims secured only by a security interest in real property that is the debtor's principal residence with regular monthly mortgage payments to be paid as indicated and set forth below.

| Creditor | Arrearage Amt | Cap Rate | Regular Payment | Through Plan/Direct |
|---|---|---|---|---|
| **GMAC MORTGAGE** | 2,500.00 | 0.00% | 341.00 | Direct |
| **Litton Loan Servicing** | 14,183.00 | 0.00% | 967.00 | Direct |

Class Two B - Secured claims in default other than real property [ § 1322(b)(5)]. The trustee shall cure defaults (plus interest if applicable) on claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due. Creditors shall retain their lien.

| Creditor | Arrearage Amt | Cap Rate | Regular Payment | Through Plan/Direct |
|---|---|---|---|---|
| **GMAC** | 207.00 | 0.00% | 217.00 | Direct |

3. Class Three A - Other secured claims [ § 1325(a)(5)]. The trustee shall make payments to the following secured creditors (plus interest if applicable) on the amount specified which represents the lesser of the value of their collateral or the remaining balance payable on the debt) over the period required to pay the sum in full set forth below. Creditors shall retain their lien. *Note: Not withstanding a creditor's Proof of Claim filed before or after confirmation, the amount listed in this paragraph as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the Plan will be considered a determination of the creditor's allowed secured claim under 11 U.S.C. § 506(a).*

| Creditor | Collateral | Cap Rate | Monthly Payment (if fixed) | Plan Amount |
|---|---|---|---|---|
| **None** | | | | |

Class Three B - Property to be surrendered. The debtor shall surrender the property securing the liens of the following creditors set forth below.

| Creditor | Collateral |
|---|---|
| **None** | |

4. Class 4 - Separate class of unsecured creditors. The trustee shall make payments to a separate class of nonpriority unsecured creditors which are co-signed or are non-dischargeable in full (plus interest if applicable) as set forth below.

| Creditor | Reason | Cap Rate | Claim Amount |
|---|---|---|---|
| **None** | **None** | | |

5. Class 5 - Timely filed unsecured claims. The trustee shall pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under any other section of this Plan pro rata .

**OTHER PROVISIONS**

1. Executory contracts and unexpired leases. The following executory contracts and unexpired leases are assumed pursuant to the specified terms and conditions unless otherwise specified below.
**None**

All executory contracts and unexpired leases not expressly assumed are rejected.

2. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code.

| Creditor | Collateral | Amount of Claim |
|---|---|---|
| **None** | | |

3. The following claims shall be paid directly to creditors (not through plan).

| Creditor | Collateral | Amount of Claim |
|---|---|---|
| **GMAC** | **2002 Olds Alera** | **12,827.00** |
| **GMAC** | **2002 Chevy Blazer** | **8,645.00** |
| **GMAC MORTGAGE** | **Residence at:** | **29,937.00** |
| **Litton Loan Servicing** | **Residence at:** | **111,817.00** |

4. Property of the estate shall vest in the debtor at the time of confirmation unless otherwise specified in paragraph III(4).

5. Other provisions (specify):

**PLAN ANALYSIS**

A. Total debt provided under the Plan and administrative expenses.
    1. Total Priority Claims
        a. Unpaid attorney's fees ............................................................................................$ **0.00**
        (Total attorney's fees are estimated to be $ **1,500.00** of which $ **1,500.00** has been prepaid.)
        b. Taxes ......................................................................................................................$ **0.00**
        c. Other .......................................................................................................................$ **0.00**
    2. Total of payments to cure defaults .................................................................................$ **16,887.24**
    3. Total payment on secured claims ...................................................................................$ **0.00**
    4. Total of payments on unsecured claims .........................................................................$ **0.00**
    5. Sub-Total ..........................................................................................................................$ **16,887.24**
    6. Total Trustee's compensation up to 10% set by UST, percentage supercedes any figure set forth in plan ......... $ 
    7. Total debt and administrative expenses ..........................................................................$ **18,576.00**

B. Reconciliation with Chapter 7
    1. Interest of General Nonpriority Unsecured Creditors if Chapter 7 Filed
        a. Value of debtor's interest in non-exempt property ................................................$ **1,713.00**
        b. Plus: value of property recoverable under avoiding powers ................................$ **0.00**
        c. Less: estimated Chapter 7 administrative expense ...............................................$ **428.25**
        d. Less: amounts payable to priority creditors other than costs of administration ....$ **0.00**
        e. Equals: estimated amount payable to general nonpriority unsecured creditors ...$ **1,284.75**
    2. Estimated dividend for Class Five under Chapter 7 ........................................................ pro rata
    3. Estimated dividend for Class Five under Plan ................................................................ pro rata

Dated: **August 9, 2007**                              */s/ Robin G Callahan*
                                                                          Signature of Debtor

*/s/ Stanton M. Lacks*
Signature of Attorney                                          Signature of Spouse (if applicable)